# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

             Plaintiff,             Case No. 07 CR 73

  v.

CHARLES T. MCINTOSH,

             Defendant.

## ORDER DENYING PRO SE MOTIONS FOR SENTENCE REDUCTION AND TO DISMISS INDICTMENT

Defendant Charles T. McIntosh was convicted on his plea of guilty to Conspiracy to Distribute Crack Cocaine in violation of 18 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) and 2, and sentenced to 216 months in prison. The Judgment of Conviction was entered on September 7, 2007. On September 29, 2008, McIntosh filed a pro se motion seeking a reduction of his sentence based in part upon the 18 U.S.C. § 3582 (c)(2), which authorizes the retroactive application of the provisions of the United States Sentencing Guidelines reducing the offense severity score for crack cocaine offenses. Counsel was appointed to assist as to that issue and reached a stipulation with the government for a reduction of McIntosh's sentence to 173 months. The Court has approved the stipulation and has entered an Order Amending the Judgment of Conviction to reflect the new sentence. In his pro se motion, McIntosh also seeks to further reduce his sentence based upon the Supreme Court's decision in *United States v. Booker* 543 U.S. 220 (2005). In essence, McIntosh seeks a complete re-sentence and asks that the court, upon consideration of the general sentencing factors set forth in 18 U.S.C. § 3553(a), reduce his sentence to the mandatory minimum term of 120 months. His pro se motion will be denied.

Having considered the record in this matter, including the Presentence Investigation Report ("PIR") and the sentencing transcript, I conclude that a sentence below 173 months would be inappropriate. The facts set forth in the PIR, which the Court adopted as its findings of fact, demonstrate that McIntosh was the leader of this conspiracy which he led with intimidation and violence against the other co-conspirators, and the women in particular. (PIR ¶¶ 23, 25, The conspiracy which lasted over a substantial period of time, consisted of McIntosh obtaining significant quantities of cocaine from Chicago, converting it to crack cocaine, and then either directly selling it himself or (more often) providing it to one of his runners for resale. (PIR ¶¶ 8-17.) In addition to information from confidential informants indicating crack buys ranging in quantity from 1/8 of an ounce to one ounce, there was also a seizure of over 100 grams of crack cocaine pursuant to a search warrant executed at the residence occupied by McIntosh, as well as a loaded .357 handgun inside a safe, at the time of his arrest. (PIR ¶ 20-21.) McIntosh admitted he was essentially a lifelong drug dealer and could have faced even more serious charges based on the presence of a firearm. (PIR ¶¶ 104, 20-21.) The crime itself and his criminal history indicated a strong need for a lengthy sentence to protect the public. McIntosh had several prior criminal convictions, including a felony drug conviction in Minnesota on March 24, 2000, for which he served approximately 5 years of an 88 month sentence. (PIR ¶60.) The fact that he so quickly resumed his criminal activities, even while still under supervision for his last offense, suggests that a significantly lengthier sentence is necessary for the protection of the public and to deter the defendant.

Based on these facts, a strong argument could be made that no reduction should be granted at all. Nevertheless, based on the stipulation of the parties, I have concluded that a reduction should

be granted. A sentence of 173 months, just less than fourteen-and-a-half years, falls within the new guideline range, and upon consideration of the general sentencing factors set forth in § 3553(a), I conclude that a lesser sentence would unduly depreciate the seriousness of the offense and would fail to adequately protect the public.

I note further that Section 3582(c)(2) was not intended to create a procedure for a full re-sentencing, but was focused on the retroactive application of the guideline reduction for crack cocaine offenses. *Booker* does not authorize general sentencing reductions and therefore has no application here. Under all the circumstances, I am satisfied that the defendant has received the appropriate reduction under 18 U.S.C. § 3582(c)(2). No further reduction is warranted and his pro se motion for further reduction is therefore denied.

More recently, McIntosh has also filed a motion to dismiss the indictment in his case on the ground that it is duplicitous. The motion is wholly without merit, but even without considering the merits, it is procedurally barred. Motions for post conviction relief must be brought under 28 U.S.C. § 2255 and are subject to a one year period of limitations. 28 U.S.C. § 2255(f). McIntosh's motion is therefore untimely. Moreover, this would be the second motion under § 2255 that he has filed, and it would thus constitute a second or successive motion. These motions are also barred unless leave is obtained from the Court of Appeals. 28 U.S.C. § 2255(h). Accordingly, the motion to dismiss will be denied as well.

**SO ORDERED** this   1st   day of July, 2009.

  s/ William C. Griesbach
William C. Griesbach
United States District Judge

3