# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No. 07-CR-73

CHARLES T. MC INTOSH,

    Defendant.

**ORDER**

Defendant Charles T. McIntosh was convicted on his plea of guilty to Conspiracy to Distribute Crack Cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2 and sentenced to 216 months in prison. A Judgment of Conviction was entered on September 7, 2007.

On September 29, 2008, McIntosh filed a pro se motion seeking a reduction in his sentence based in part upon 18 U.S.C. § 3582(c)(2), which authorizes the retroactive application of the provisions of the United States Sentencing Guidelines, reducing the offense severity score for crack cocaine offenses. Counsel was appointed to assist as to that issue and reached a stipulation with the Government for a reduction to 173 months. This Court approved the stipulation and issued an order amending the Judgment consistent with the agreement. On June 29, 2009 McIntosh filed a "Motion of Law in support of overcharged/duplicitous indictment" and a Motion to Dismiss, docket nos. [127] and [129] respectively, which this Court denied as untimely successive motions under § 2255, which are barred absent leave from the Court of Appeals. 28 U.S.C. § 2255(h).

On July 2, 2009, McIntosh filed a motion he described as a "Bill of Review Atlas Motion", docket [132], and "Pro se Motion and Affidavit for Bill of Review Atlas Motion", docket [133]. This Court entered an Order, docket [134], indicating:

> The motion raises no issue that is reviewable at this stage of the proceedings. Moreover, the time for filing a motion for post-conviction relief has lapsed. Accordingly, the motion is denied."

Upon review of McIntosh's Notice of Appeal, the Seventh Circuit Court of Appeals issued a mandate vacating this Court's Order [134] and remanding this case for dismissal, noting that this Court lacks subject-matter jurisdiction as McIntosh had not sought leave to file a second successive § 2255 motion as required by 28 U.S.C. § 2244(b)(3). The mandate further states that, because the conditions of § 2244(b)(3) have not been met, the Court of Appeals also denies any implied request for such permission. Accordingly, the motion is **DISMISSED** consistent with the mandate as this Court lacks of subject-matter jurisdiction.

**SO ORDERED** this      16th       day of August, 2010.

                                                         s/ William C. Griesbach
                                                         William C. Griesbach
                                                         United States District Judge